**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EDMOND MACHIE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Case No. 09-cv-2196-AW |
| | * | |
| J. THOMAS MANGER, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are four motions in limine filed by Defendant Officer Charles Haak. On October 30, 2013, the Court ordered that Plaintiff's responses to Defendant's motions in limine were due November 11, 2013. Doc. No. 114. No such responses were filed, and the motions are therefore ripe for the Court's consideration.

**I.      Motion in Limine to Exclude Evidence and Testimony Concerning Probable Cause (Doc. No. 115)**

The sole remaining claim in this case is that Defendant Officer Haak used excessive force in arresting Plaintiff. The proper application of the test of reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Conner*, 490 U.S. 386, 396 (1989). Plaintiff will be permitted to present evidence and testimony concerning the circumstances under which he was arrested,

1

including the circumstances leading up to his presence at the police station that night. Such evidence and testimony may be relevant to whether Haak used excessive force in arresting Plaintiff.

However, Plaintiff has no claim of false arrest against Haak. In its November 4, 2010 Order, the Court determined that the only remaining claims in this litigation were excessive-force claims against Haak and Manger, and a false arrest claim against Pak.[1] Doc. No. 42. After discovery had closed and during briefing on summary judgment, Plaintiff appeared to request a modification of the Court's order to allow a false arrest claim against Haak. The Court declined to do so, noting in its July 2, 2013 Memorandum Opinion that "Plaintiff waited two and a half years before seeking to expand the scope of this litigation without providing any explanation for this delay. Plaintiff had every opportunity to raise this argument as discovery was ongoing, and he has declined to do so. The Court will not permit him to expand this litigation now, after a motion for summary judgment has been filed." Doc. No. 101 at 5.

The Court rejects Plaintiff's latest attempt to inject the probable cause issue into this case. First, the Court notes that the probable cause issue does not appear to be relevant to any claim against Officer Haak. The record demonstrates that Haak was ordered by his commanding officer, Sergeant Grims, to make the arrest in this case. Given the undisputed facts before it, the Court is unable to discern how Haak's decision to follow Grims' order and make the arrest was not "'objectively reasonable in light of the circumstances'—i.e., the circumstances known to the assisting officer at the time of the arrest—'and existing law.'" *Jackson v. City of Hyattsville*, No. 10-cv-00946-AW, 2012 WL 933207, at *4 (D. Md. Mar. 19, 2012) (quoting *Carter v. Jess*, 179 F. Supp. 2d 534, 544 (D. Md. 2001)). Second, even if the issue of probable cause was relevant, there is a substantial risk that allowing evidence and testimony on the issue would confuse and

---

[1] Manger and Pak have since been dismissed from this action.

mislead the jury and distract it from the only remaining claim in this case, that of excessive force against Officer Haak. Accordingly, Defendant's Motion in Limine will be granted.

II. **Motion in Limine to Exclude Evidence and Testimony Regarding Internal Affairs Investigations (Doc. No. 116)**

Defendant seeks to exclude evidence and testimony regarding internal affairs investigations relating to prior complaints or inquiries of police misconduct against Defendant or other officers testifying in this case. Rule 404(b)(1) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). Plaintiff has not presented any grounds for admitting evidence of the internal affairs investigations under Rule 404(b)(2), and the Court is unable to discern any. Accordingly, Defendant's Motion in Limine will be granted.

III. **Motion in Limine to Exclude Evidence and Testimony Concerning Damages (Doc. No. 117)**

In the Proposed Pretrial Order, Plaintiff states that he seeks

> all damages available by law, including, but not limited to: 1) all compensatory economic damages, including, but not limited to medical bills, lost wages, health related expenses, and any necessary components of a life-care plan; 2) compensatory non-economic damages, including, but not limited to, the plaintiff's pain and suffering (both physical and mental); 3) punitive damages; 4) attorney's fees associated with this case. Plaintiff suffered pain to his head, face, arms, wrists, emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, and loss of enjoyment of life.

Doc. No. 112 at 7. Other than bills from his therapist, Plaintiff has produced no documentary evidence to support his claim of economic damages. The Court agrees with Defendant that Plaintiff may not present at trial documentary evidence of economic damages that were not presented during discovery, and Defendant's Motion will therefore be granted in part.

However, the Court believes it would be premature at this stage to exclude all testimony regarding economic damages. Defendant also argues that the therapists' bills should be excluded because there has been no expert opinion proffered regarding the reasonableness and necessity of such bills. Because the Court is denying in part Defendant's Motion to Exclude Expert Witness Evidence and Testimony, *see infra* Part IV, Defendant's Motion with respect to the therapists' bills will be denied without prejudice to renew. Defendant's Motion to exclude all testimony relating to economic damages will also be denied without prejudice to renew.

IV. **Motion in Limine to Exclude Expert Witness Evidence and Testimony (Doc. No. 118)**

Defendant moves to exclude the testimony of two witnesses—social workers Jennifer Wells and Jessica Chan—who treated Plaintiff following his alleged ordeal with Montgomery County police officers. According to Plaintiff's Rule 26(a)(2) statement, both are expected to testify as experts regarding Machie's mental health, suffering, treatment, and diagnoses as a result of the January 2008 incident. Doc. No. 118-1.

As an initial matter, although Defendant requests the exclusion of both witnesses, its Motion is focused almost exclusively on the testimony of Jessica Chan. It is unclear, particularly in light of the discussions at the pretrial conference, whether Plaintiff actually intends to call either witness. Regardless, given the substance of Defendant's Motion, the Court is not in a position at this juncture to assess whether Wells may testify. Therefore, to the extent Defendant seeks to exclude Wells, its Motion will be denied in part without prejudice to renew.

Defendant's Motion will be granted with respect to Chan's testimony, however. Chan did not begin treating Plaintiff until June 2011, more than three years after the incident. Doc.

No. 118-2 at 1.[2] Chan's 482 pages of records contain one mention of the allegations of excessive force. The remaining testimony and record of treatment is focused on the false arrest and related claims against officers who have been dismissed from the case. Such testimony would not assist the jury to understand the evidence or determine the facts regarding Plaintiff's excessive force claim against Haak. *See* Fed. R. Evid. 702. Furthermore, the introduction of such testimony creates a substantial risk of jury confusion and unfair prejudice to Defendant Haak. *See* Fed. R. Evid. 403. It also appears from Chan's deposition testimony that she lacks the requisite training necessary to diagnose post-traumatic stress disorder (PTSD). *See* Fed. R. Evid. 702. Finally, Plaintiff does not dispute that expert disclosures were not supplemented during discovery. Accordingly, Defendant's Motion in Limine to exclude Chan's testimony will be granted.

## V. Conclusion

For the foregoing reasons, it is, this **12th day of November, 2013**, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1) Defendant's Motion in Limine to Exclude Evidence and Testimony Concerning Probable Cause, Doc. No. 115, is **GRANTED**;

2) Defendant's Motion in Limine to Exclude Evidence and Testimony Regarding Internal Affairs Investigations, Doc. No. 116, is **GRANTED**;

3) Defendant's Motion in Limine to Exclude Evidence and Testimony Concerning Damages, Doc. No. 117, is **GRANTED-IN-PART** and **DENIED-IN-PART**;

4) Defendant's Motion in Limine to Exclude Expert Witness Evidence and Testimony, Doc. No. 118, is **GRANTED-IN-PART** and **DENIED-IN-PART**; and

5) The Clerk of the Court shall transmit a copy of this Memorandum Order to all counsel of record.

---

[2] It appears that Plaintiff was previously treated by Wells.

| November 12, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |